IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARK EDWARD VANZANT                                                             PETITIONER

v.                             NO. 5:13CV00307 DPM/HDY

RAY HOBBS, Director of the                                                      RESPONDENT
Arkansas Department of Correction

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

RECOMMENDATION

In September of 2006, petitioner Mark Edward Vanzant ("Vanzant") pleaded guilty in an Arkansas state trial court to a charge of murder in the first degree and was sentenced to the custody of respondent Ray Hobbs ("Hobbs"). In February of 2011, Vanzant filed a state trial court petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. He joined that submission with a state trial court petition for writ of habeas corpus. Hobbs represents, and the undersigned accepts as true, that "[t]he circuit court has not issued any rulings or determinations in the actions Vanzant filed in February [of] 2011." See Document 5 at 1.

In November of 2011, Vanzant challenged his 2006 guilty plea by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. See Vanzant v. Hobbs, 5:11CV00296 HDY. In the petition, he raised the following claims: (1) his waiver of rights was in violation of the Fifth Amendment, and (2) "personal investigation of natural environment establishes more useful information." See Vanzant v. Hobbs, 5:11CV00296, Document 19 at 1-2. The petition was dismissed as being barred by limitations, and he did not appeal.

In September of 2013, Vanzant challenged his 2006 guilty plea again by filing the petition at bar pursuant to 28 U.S.C. 2254. In the petition, he raised the following claims: (1) he was denied the right to withdraw his guilty plea, (2) an injury prevented him from pursuing his post-conviction remedies, (3) he is not guilty and only pleaded guilty under duress and entrapment, and (4) his trial attorney was ineffective.

Hobbs, in response, asked that the petition be dismissed because it is a second or successive petition, and Vanzant has neither sought nor obtained permission from the Court of Appeals to file the petition. Hobbs additionally asked that it be dismissed because it is untimely, contains a claim that is not cognizable, and contains claims that are procedurally barred from federal court review.[1]

The undersigned has now thoroughly reviewed the parties' submissions. For the reason that follows, the undersigned recommends that Vanzant's petition be dismissed without prejudice, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealability be denied.

The petition at bar, a petition in which Vanzant is challenging his 2006 guilty plea, is clearly a second or successive petition pursuant to 28 U.S.C. 2254. He previously challenged his 2006 guilty plea by filing a petition pursuant to 28 U.S.C. 2254 in November of 2011, that being, <u>Vanzant v. Hobbs</u>, 5:11CV00296. 28 U.S.C. 2244(b) applies to the petition at bar, and the permission, or pre-authorization, of the Court of Appeals is required before the petition can be considered by the district court.[2] He has not obtained the requisite pre-authorization.

---

[1] At the undersigned's invitation, Vanzant filed a reply to Hobbs' response. Vanzant also filed a collection of documents that the Clerk of the Court filed as "evidence."

[2] The filing of a second or successive petition is governed by 28 U.S.C. 2244(b)(3)(A). It provides the following: "Before a second or successive [petition] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the [petition]."

Should Vanzant's supposedly new claims, i.e., an injury prevented him from pursuing his post-conviction remedies and he has exonerating evidence, be considered without pre-authorization? The undersigned thinks not for at least two reasons.

First, as a general proposition, "[e]ven new claims based on new evidence cannot be raised in a second or successive habeas petition without pre-authorization from the apposite federal appellate court." See Caroon v. Hammer, 2013 WL 5359559 at 3 (D.Minn. 2013) [other citations omitted]. Assuming, arguendo, that Vanzant's claims are new because he did not know of them until after the dismissal of his first petition, they are still subject to the pre-authorization requirement.

Second, assuming the claims are not subject to the pre-authorization requirement, Vanzant has offered few facts in support of his claims. The facts as alleged do not appear to warrant any relief.

In conclusion, the petition at bar is clearly a second or successive petition, and Vanzant failed to obtain pre-authorization to file it. The undersigned recommends that the petition be dismissed without prejudice so that he may seek pre-authorization, and all requested relief should be denied. Judgement should be entered for Hobbs, and a certificate of appealability should be denied because Vanzant can not make a substantial showing of the denial of a constitutional right, see 28 U.S.C. 2253.[3]

---

[3] One concluding point is in order. In Bates v. Norris, 2006 WL 3741925 (E.D.Ark. December 18, 2006), United States District Judge Billy Roy Wilson chose not to dismiss a petitioner's second or successive petition but instead ordered the petition be construed as a motion to proceed with a second or successive petition and be transferred to the Court of Appeals. Vanzant's petition should not be treated likewise.

DATED this ___14___ day of November, 2013.


                                                    UNITED STATES MAGISTRATE JUDGE